ace

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 06-40068-JAR |
| ) | |
| F. JEFFREY MILLER, ) | |
| TODD EARNSHAW, ) | |
| BRIAN ROUSE, ) | |
| ANGELA PARENZA, ) | |
| ELIZABETH L. HESSEL, ) | |
| JAMES MOSER, ) | |
| STEVE MIDDLETON, and ) | |
| LANNY ROSS, ) | |
| ) | |
| Defendants. ) | |
| ) | |

## MEMORANDUM ORDER AND OPINION

This matter comes before the Court on defendant F. Jeffrey Miller's Motion for Intradistrict Transfer of Venue (Doc. 100). In this motion, defendant Miller asks the Court to order transfer of this case to the Kansas City division for trial and pretrial matters pursuant to Fed. R. Crim. P. 18 and D. Kan. R. 40.2. Defendants Todd Earnshaw, Brian Rouse, Steve Middleton and Lanny Ross join Miller in his request for transfer.[1] For the reasons stated below, the Court denies the Motion for Intradistrict Transfer of Venue without prejudice.

*Background*

On May 17, 2006, the Grand Jury returned a sixty-count Indictment charging defendants

---

[1] At the time of the filing of this motion, Paul E. Nicolace also joined in the request for transfer. However, since that time, the government dismissed without prejudice the Indictment against Mr. Nicolace. On October 31, 2006, Mr. Nicolace was terminated as a defendant in this action.

with conspiracy, bank fraud, money laundering and forfeiture. The government elected to have the Indictment returned and filed in the Topeka division of the District Court of Kansas. Additionally, in the Indictment, the government requests that trial be held in Topeka, Kansas. Defendant Miller now moves to transfer all proceedings in this case, including docketing, maintenance, and trial, to the Kansas City, Kansas division of this district. Defendant Miller maintains that this case has no connection to the Topeka area, outside of the prosecutor's office being located in that city. He argues that the location of defendants, location of events, location of witnesses, location of documents and the additional expenses to defendants of traveling to Topeka for trial are all factors that weigh in favor of transferring this case to Kansas City.

### *Legal Standard*

Fed. R. Crim. P. 18 provides

> Unless a statute or these rules permit otherwise, the government must prosecute an offense in a district where the offense was committed. The court must set the place of trial within the district with due regard for the convenience of the defendant and the witnesses, and the prompt administration of justice.

"The trial court may weigh the prejudice alleged by defendant against the concern of providing a speedy trial."[2] A district court has discretion in determining whether intradistrict transfer is appropriate.[3] Further, a court's decision regarding change of venue is entitled to deference.[4]

Additionally, in evaluating motions for intradistrict transfer, courts rely on the principles

---

[2] *United States v. Lawson*, 670 F.2d 923, 926 (10th Cir. 1982) (citing *United States v. Brown*, 535 F.2d 424, 429–30 (8th Cir. 1976); *United States v. Florence*, 456 F.2d 46, 50 (4th Cir. 1972)).

[3] *United States v. Afflerbach*, 754 F.2d 866, 869 (10th Cir. 1985).

[4] *United States v. Williams*, 897 F.2d 1034, 1036 (10th Cir. 1990) (quoting *United States v. Hunter*, 672 F.2d 815, 816 (10th Cir. 1982)).

found in Fed. R. Crim. P. 21.[5]  This Rule provides for transfers of criminal cases from one district to another.  Because Kansas is comprised of one judicial district, Rule 21 is inapplicable to this case, but the Court looks to that Rule and the case law interpreting that Rule for guidance. The Supreme Court has listed the following factors that a court should consider when determining whether a case should be transferred under Rule 21: (1) location of corporate defendant; (2) location of possible witnesses; (3) location of events likely to be in issue; (4) location of documents and records likely to be involved; (5) disruption of defendant's business unless the case is transferred; (6) expense to the parties; (7) location of counsel; (8) relative accessibility of place of trial; (9) docket condition of each district or division involved; and (10) any other special elements which might affect the transfer.[6]

*Analysis*

As defendant Miller acknowledges in his motion, because this case has been designated a complex case, there has been very little activity thus far, and, in fact, a trial date has not even been scheduled.  At this time, the Court finds no compelling reason to transfer this case, in its early pretrial stage, to Kansas City.  While defendant Miller requests that this case be transferred to Kansas City for docketing purposes, the Court finds that the location of the docket in Topeka does not serve as an inconvenience to defendants.  The courts in this district use an electronic filing system for docketing and maintaining cases.  In this case, the attorneys for the government and all eight defendants are registered with this electronic filing system.  Every attorney is receiving electronic notification of all the filings in this case; every attorney is able to file

---

[5]*United States v. Weidner*, No. 02-40140, 2003 WL 21183177, at *11 (D. Kan. May 16, 2003) (citing *United States v. Walker*, 890 F. Supp. 954, 958 n.5 (D. Kan. 1995)).

[6]*Platt v. Minn. Mining & Mfg. Co.*, 376 U.S. 240, 243–44 (1964).

documents and motions electronically in this case without having to travel to Topeka. Therefore, the Court finds that defendants are not inconvenienced by the Topeka venue for the docketing and maintenance of this case during its pretrial stage. The Court also finds that defendants are not inconvenienced by the venue remaining in Topeka during the discovery phase. The government points out that discovery has been made available to defendants in Kansas City, and that discovery in Topeka can be made available to them in diskette form, at their expense, for easy transportation. Following Rule 18, the Court, having given due regard for the convenience of defendants, finds that defendants will not suffer prejudice should the venue remain in Topeka at this time. Therefore, exercising its discretion, the Court will not transfer this case to Kansas City for pretrial matters.

As for the determination of whether this Court should transfer this case to Kansas City for trial, the Court will leave that determination for another day. Because a trial date has not yet been set, the decision as to whether the case should be transferred to Kansas City is premature. The Court acknowledges the many factors under the Rule 21 analysis that defendants argue point in favor of transferring this case to Kansas City, such as the location of defendants, the location witnesses, the location of events likely to be in issue, the location of documents and records likely to be involved, location of counsel and the expense to the parties. On the other hand, Topeka is relatively accessible, some 60 miles from metropolitan Kansas City. Further, as the only active judge in this division, transfer of this case for trial in Kansas City, would undoubtedly have an adverse effect on the docket condition of the Topeka division. Nonetheless, the Court would be willing to entertain a request for transfer, later, when this case is set for trial. Given that the available courtrooms in Topeka are smaller than those in Kansas

City, the number of parties who go to trial is a factor that also might weigh in favor of transfer. While defendant Miller's motion is denied at this time, the Court denies his request without prejudice, allowing defendants to file another motion when this case is trial-ready.

**IT IS THEREFORE ORDERED BY THE COURT** that defendant F. Jeffrey Miller's Motion for Intradistrict Transfer of Venue (Doc. 100) is denied without prejudice.

**IT IS SO ORDERED**.

Dated this 21st day of November 2006.

                                                          S/ Julie A. Robinson
                                                          Julie A. Robinson
                                                          United States District Judge