lml

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 06-40151-JAR |
| | ) | Case No. 06-40068-JAR |
| | ) | |
| F. JEFFREY MILLER, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## MEMORANDUM AND ORDER

This matter comes before the Court on defendant F. Jeffrey Miller's Motion for Release on Conditions filed in both Case No. 06-40151 (Doc. 399) and Case No. 06-40068 (Doc. 372). The Court held a hearing on this matter on September 10, 2009. After reviewing the evidence presented to this Court at the hearing as well as the arguments and submissions of counsel, the Court is now prepared to rule. For the reasons stated below, defendant's motion is denied.

*Background*

On May 17, 2006, Miller, the owner of various homebuilding companies in the Kansas City area, was charged in a sixty-count Indictment with conspiracy, bank fraud, and engaging in monetary transactions in property derived from the unlawful activity of bank fraud in Case No. 06-40068 ("*Miller I*"). On June 20, 2006, Miller entered into a Monitoring Agreement with Meara King & Company ("the Monitor") to ensure that all of his business transactions were conducted "in the ordinary course of business," including the requirement that "all facts relating to the transactions have been accurately disclosed to all parties to the transaction." On June 27, 2006, Miller made his first appearance in front of Magistrate Judge Sebelius. At that time, he

tested positive for cocaine, but Judge Sebelius found that while his use of cocaine was clearly inappropriate, it did not violate a condition of his release as it had occurred before such conditions were imposed. Judge Sebelius released Miller on bond with the agreement that he would conduct his business transactions in accordance with the Monitoring Agreement.

On November 29, 2006, Miller was indicted in Case No. 06-40151 ("*Miller II*"), along with three co-defendants, in a twelve-count Indictment alleging conspiracy, bank fraud, engaging in monetary transactions in property derived from the unlawful activity of bank fraud, destruction of records in a federal investigation, corruptly influencing and attempting to influence a witness, and criminal contempt.[1] At Miller's first appearance in this case, the government moved to detain him. Afterwards, Judge Sebelius held a detention hearing that spanned five days. On the fifth day of that hearing, December 22, 2006, Judge Sebelius denied the motion and allowed Miller's release on bond, ordering that all of Miller's business be conducted under a Revised Monitoring Agreement entered into by Miller and the Monitor. In denying the government's motion for detention, Judge Sebelius determined that while Miller did violate the conditions of his release, this Revised Monitoring Agreement imposes conditions or a combination of conditions that will ensure the economic safety of the community.

The government requested this Court to revoke Judge Sebelius's Order and to order Miller's detention. This Court declined to revoke Miller's detention,[2] but strongly cautioned him that it would "not hesitate to revoke his release if evidence of violations of the Revised Monitoring Agreement come to light," and that if the Monitor or the government should discover

---

[1](Doc. 1.) On December 27, 2006, a grand jury returned a Superseding Indictment in this case, adding an additional defendant and charging all defendants with harassment of witnesses (Doc. 39).

[2](Doc. 115.)

2

any additional transactions that have not been disclosed or documented in writing, the Court "will order Miller's detention pending trial."[3]

*Miller II* proceeded to trial, and on December 18, 2008, Miller was found guilty on a number counts, including conspiracy and contempt of court for violating the order setting conditions of release in *Miller I*. Miller has been released on bond pending the trial in case *Miller I* and pending sentencing in *Miller II*. The Court has recently entered an order denying defendants' various challenges to the verdicts and seeking a new trial.[4] Sentencing is currently set for December 22, 2009 in *Miller II*, and trial is set to begin January 11, 2010, in *Miller I*.

On July 2, 2009, the government filed a complaint against Miller, alleging that he violated the Revised Monitor Agreement set as a part of his conditions of release in *Miller I* and *Miller II*, Case No. 09-40067 ("*Miller III*"). The government charged Miller with violation of 31 U.S.C. § 5324(b)(1) and (d), and 26 U.S.C. § 60501, and with criminal contempt in violation of 18 U.S.C. § 3148(c), for violating his conditions of release in the other two cases. The government alleged that around February 27, 2009, Miller engaged in the purchase of a Ferris Commercial Mower for $16,666.38 and did not report the information to the Monitor, in violation of his conditions of release. According to the government, Miller structured the deal to appear that someone else had purchased the mower and made payments of $5610.92 in cash and the remaining payments by a Visa credit card, an American Express Card, and a check. The government took Miller into custody on the basis of *Miller III* and the Court granted the government's Motion to Revoke Release, for a Bench Warrant and For an Order for Temporary

---

[3]*Id*. at 18.

[4](Doc. 421.)

3

Detention Pending a Hearing on the Revocation.[5]

On July 9, 2009, the government filed additional allegations of violation of conditions of release, including that Miller spent the weekend in the Lake of the Ozarks "partying" and drinking on a boat known as the "Pipe Dream," which is the subject of various forfeiture proceedings in *Miller II*.  And, although Miller told the United States Probation Office that he was going to the Lake of the Ozarks to check on his properties and sell the boat, he was actually having a "Fourth of July bash".  Finally, the government alleges that Miller has opened a new bank account, a new American Express credit card account, and a new Chase credit card account, all without informing the Monitor as required by his conditions of release.  At the hearing held July 13, 2009, Miller voluntarily surrendered his release in both *Miller I* and *Miller II*, primarily due to the pending nature of the new criminal case and the corresponding presumption of detention that attached.[6]

Judge Lungstrum dismissed *Miller III* without prejudice on July 20, 2009.  Based on this dismissal, Miller now requests the Court return him to pretrial release conditions as deemed appropriate.

*Applicable Law*

The defendant's release or detention pending his sentence is governed by 18 U.S.C. § 3143(a)(1), which provides:

> the judicial officer shall order that a person who has been found guilty of an offense and who is awaiting imposition or execution of

---

[5](Doc. 385.)

[6](Doc. 392); *see* 18 U.S.C. § 3148(b) ("[i]f there is probable cause to believe that, while on release, the person committed a Federal, State, or local felony, a rebuttable presumption arises that no condition or combination of conditions will assure that the person will not pose a danger to the safety of any other person or the community.").

> sentence, other than a person for whom the applicable guideline
> promulgated pursuant to 28 U.S.C. 944 does not recommend a
> term of imprisonment, be detained, unless the judicial officer finds
> by clear and convincing evidence that the person is not likely to
> flee or pose a danger to the safety of any other person or the
> community if released under section 3142(b) or (c). If the judicial
> officer makes such a finding, such judicial officer shall order the
> release of the person in accordance with section 3142(b) or (c).

There is a presumption that convicted defendants should be detained pending sentencing; therefore, the burden is defendant's to meet.

In determining whether there are conditions of release that will reasonably assure the appearance of the person and the safety of any other person and the community, the judicial officer must consider the factors found in 18 U.S.C. § 3142(g). Those factors are: (1) the nature and circumstances of the offense charged, including whether the offense is a crime of violence or involves a narcotic drug; (2) the weight of the evidence against the person; (3) the history and characteristics of the person; and (4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release.[7]

*Discussion*

The government contends that Miller deceived the Monitor by entering into business transactions that violated the Revised Monitoring Agreement, thereby violating conditions of his release. The government argues that Miller has repeatedly demonstrated his inability to comply with his conditions of release, and going forward with the use of the Monitor is not an option since Miller has ignored the Monitor's authority as evidenced by the allegations set forth in *Miller III*.

---

[7] 18 U.S.C. § 3142(g).

Defendant agrees that analysis under § 3143(a) is appropriate and requests the Court return him to pretrial release conditions based on the dismissal of the *Miller III* case. Defendant argues that he is neither a flight risk nor an economic danger to the community, and points out that he has complied with the conditions of release for three years without issue. The Court agrees that defendant does not present a flight risk. As the Court made clear at Miller's previous detention hearing, however, if the Monitor or the government should discover *any* additional transactions that have not been disclosed or documented in writing, the Court would order Miller detained. Although defendant offers plausible explanations for the additional allegations by the government, neither defendant nor counsel can explain away the circumstances surrounding the purchase of the lawnmower. While these allegations may no longer be the subject of criminal proceedings, there is no question that defendant made the purchase in the manner described by the government, in an attempt to hide the transaction from the Monitor. The fact that the transaction involved something so seemingly mundane as a lawnmower, albeit a very expensive one, does not change the fact that defendant violated his conditions of release.

Under these circumstances, and at this stage in the proceedings, the Court is at a loss as to what additional conditions can be imposed to compel defendant to comply with the Revised Monitoring Agreement. Accordingly, the Court finds that Miller has not met his burden of showing by clear and convincing evidence that there are conditions that will assure that he will not pose a financial danger to any other person or the community, and orders that Miller be detained pending sentencing in *Miller II*, thereby rendering release in *Miller I* moot.

**IT IS THEREFORE ORDERED BY THE COURT** that defendant's Motion for Release on Conditions (Doc. 399) is DENIED; defendant's motion in Case No. 06-40068 is also

DENIED as moot.

IT IS SO ORDERED.

**Dated:  October 21, 2009**

　　　　　　　　　　　　　　　　　　　　　　　 S/ Julie A. Robinson             
　　　　　　　　　　　　　　　　　　　　　　　**JULIE A. ROBINSON**
　　　　　　　　　　　　　　　　　　　　　　　**UNITED STATES DISTRICT JUDGE**