# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 06-40068-JAR |
| ) | |
| F. JEFFREY MILLER, TODD EARNSHAW, ) | |
| BRIAN ROUSE and JAMES MOSER, ) | |
| ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER GOVERNING SUMMARY CHARTS

At this writing, the government is examining witness Elizabeth Hessel, a co-defendant who has pled guilty to conspiracy, and who has thus far testified that she created false loan applications for home buyers, as well as supporting documentation including fraudulent verifications of employment and rental history. The government has indicated that it will seek to introduce Exhibit 1 through this witness, a summary chart of documents involved in the loan transactions of ten home buyers, as charged in Counts 3, 4, 6, 8, 9, 10, 11, 12, 14 and 15 of the First Superseding Indictment. With the exception of Count 9, which involved buyers Jennifer and Eugene Kelly,[1] the government has indicated that it does not intend to call any of the home buyers to testify, and does not intend to introduce the underlying loan documents, but instead seeks to introduce Exhibit 1, as a summary of the underlying loan documents, pursuant to

---

[1] Jennifer Kelly testified on January 13, 2010; and through her the following documents were introduced into evidence: the sales agreement (Exhibit 9); the building inspection report (Exhibit 9A); the first loan application (Exhibit 9E); an income letter signed by Jeff Miller (Exhibit 9F) and a loan application signed on June 15, 1999 (Exhibit 9G).

Federal Rule of Evidence 1006.

Defendants Miller and Rouse, joined by the other defendants, have orally moved to exclude Exhibit 1, arguing that it is not a proper summary under Rule 1006, but is instead a pedagogical, testimonial, advocacy piece, better suited for demonstrative evidence, and inappropriate for admission under Rule 1006. The Court observes that while Exhibit 1 is clearly based on the contents of loan files: sales contracts, loan applications, appraisals, employment verifications and other supporting documentation, it departs from the presentation one typically sees in Rule 1006 summaries. Exhibit 1 does not mention the underlying documents it summarizes. Rather, it details certain statements from those documents, and characterizes many of those statements as false or fraudulent. Typically, summaries of documents offered in lieu of the documents under Rule 1006 contain a detailed description of the documents for which the summaries are being admitted.

Yesterday, prior to Ms. Hessel taking the stand, and again during the course of Ms. Hessel's testimony the Court heard arguments from all counsel on this issue, outside of the hearing of the jury. Prior to Ms. Hessel's testimony, the Court noted that the summary chart would be inadmissible if the statements in the chart were based on hearsay or were otherwise inadmissible. Once Ms. Hessel took the stand and began testifying to her direct involvement in making the false statements and creating the fraudulent documents, it became evident that some or all of the statements in the chart were based on her personal knowledge and thus based on admissible evidence, as required by Rule 1006.

The defendants again raised the issue during the course of Ms. Hessel's testimony. At this point, the government had not yet established the foundation for admission of the chart

under Rule 1006, nor yet offered it into evidence. Nonetheless, the Court entertained the parties' arguments, and then the Court noted that assuming that the government established such foundation, Rule 1006 would allow admission of a summary of the content of the home buyers loan files. In other words, Rule 1006 would allow admission of a summary of the statements on loan applications, sales agreements, closing settlement sheets, verifications of employment, income and rental history, and other loan documents and supporting documentation, as well as material omissions on these same documents. The Court went on to mark up Exhibit 1, striking through language that the Court found to be testimonial in nature and clearly exceeding the bounds of Rule 1006.

At the hearing yesterday, the government further advised that it intended to also introduce similar summary charts through other witnesses, including Angela Parenza (Exhibit 1G), Steve Middleton (Exhibit 1B) and Ima Bennett (Exhibit 1D). Presumably the government intends to offer summaries in lieu of many of the loan files for the 53 loan transactions at issue in this case. Defendants stated that they had the same objections to these summaries. In light of the pervasiveness of this issue, the Court indicated that it would like to resolve this issue expeditiously. To that end, the Court enters this order, which rules in part on defendants' motion to exclude Exhibit 1. In entering this order, the Court establishes some parameters for the admission of summaries of the loan files under Rule 1006.

**Foundation for Admission of Summary Charts**

Fed. R. Evid. 1006 provides that "[t]he contents of voluminous writings, recordings, or photographs which cannot conveniently be examined in court may be presented in the form of a

chart, summary, or calculation."[2]  "Admission of summaries, however, is conditioned on the requirement that the evidence upon which they are based, if not admitted, must be admissible."[3] The court has broad discretion in determining the admissibility of summaries under Rule 1006.[4] In this case, the Court shall allow admission of summaries of loan files or other underlying documents if it is established that the underlying documents: (1) are voluminous; (2) were discovered by the defendants; and (3) are present and available for inspection in the courtroom.

Further, the summary may only include the contents of the underlying documents. Contents is defined as: (1) statements, numbers, language and information on the underlying documents; and (2) blanks or omitted statements, numbers, language or information on the underlying documents where such documents call or allow for inclusion of such statements, numbers, language or information

**(1) statements, numbers, language and information on the underlying documents**

. The Court illustrates this definition using Exhibits 9, 9A, 9E, 9F and 9G, which are documents from the loan file of home buyer Jennifer Kelly, which were admitted during Jennifer Kelly's testimony. The summary may include statements, numbers, language and information taken directly from the underlying documents, verbatim or paraphrased. For example, the summary may state that the real estate sales contract stated the purchase price was $156,900. The summary may state that the real estate sales contract stated the buyer agreed to pay earnest money in the amount of $500. The summary may state that the real estate sales contract was

---

[2]Fed. R. Evid. 1006.

[3]*United States v. Samaniego*, 187 F.3d 1222, 1223 (10th Cir. 1999).

[4]*United States v. Thompson*, 518 F.3d 832, 858 (10th Cir. 2008).

4

dated November 22, 1997 by the signatures of Jennifer and Eugene Kelly and November 24, 1997 by the signature of Jeff Miller.  The summary may state that the closing date was indicated as TBD and possession no later than December 5.  The summary may state that the loan file contains three real estate sales contracts and may identify what the apparent differences are in those three contracts.  The summary may state that the loan file contained one loan application that was unsigned, and another loan application that was signed on June 15, 2001, with a notation that it was withdrawn June 15, 2001.   The summary may state that the first loan application stated that the purchase price was $170,000, the other loan application stated that the purchase price was $182,000.  The summary may, for example, paraphrase or state verbatim the contents of Exhibit 9F, the letter signed by Jennifer Kelly and Jeffrey Miller, or merely state that the loan file included a letter signed by them that stated that the purchase price was $156,900, that the buyers put $3000 down, leaving a balance of $153,900, and Jennifer's stated income of $4000 is obtainable but is not accurate.

What the parties should note about the Court's illustration of the first part of this definition of the permissible contents of the summary, is that it does not include statements that something is false or fraudulent, for the underlying documents do not expressly represent that something is false or fraudulent.  The documents contain statements, numbers and information; it is the subject of testimony, interpretation and inference as to whether those statements, numbers and information are false and fraudulent.  The summaries must be limited to what is actually within the content of the underlying documents.  The summaries shall not include any testimonial, interpretive, or inferential statements drawn from the content of the underlying documents.

**(2) blanks or omitted statements, numbers, language or information on the underlying documents where such documents call or allow for inclusion of such statements, numbers, language or information**.

The summary may include statements concerning blanks or omitted statements, numbers, language or information on the underlying documents where such documents call or allow for inclusion of such statements, numbers, language or information.  For example, the summary may state that the loan application section for co-borrower is blank (which testimony might reveal to be a materially false omission).  The summary may state that the closing settlement sheet does not include a statement that the down payment was funded by the seller (which testimony might reveal to be the source of the down payment and a materially false omission).

Again, the parties should note that the summary may include statements about what is blank or missing from the documents, but not statements about what is false or fraudulent about such omission, as that is the proper subject of testimony; it is interpretive and inferential. The summaries must be limited to what is actually blank or missing from the required or permissible content of the underlying documents.  The summaries shall not include any testimonial, interpretative, or inferential statements drawn from the content of the underlying documents.

IT IS SO ORDERED.

Dated: January 15, 2010

 S/ Julie A. Robinson
JULIE A. ROBINSON
UNITED STATES DISTRICT JUDGE